IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO R.O.,<br><br>   Petitioner,<br><br>  vs.<br><br>WARDEN CALIFORNIA CITY<br>CORRECTIONAL CENTER, *et al.*,<br><br>   Respondents. | Civil No. 1:26-cv-03266-MWJS<br>ORDER GRANTING PETITION FOR<br>WRIT OF HABEAS CORPUS<br><br>A# 220-107-995 |

### <u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u>

Petitioner Pedro R.O.[1] is an immigration detainee proceeding with a petition for writ of habeas corpus under 28 U.S.C. § 2241 (the "petition"), Dkt. No. 1, and an application for temporary restraining order ("TRO application"), Dkt. No. 2.

Petitioner entered the country in March 2021, when he was a minor, and immediately turned himself in to immigration authorities. Dkt. No. 1, at pg. 4. Petitioner applied for asylum and was released. *Id.* His asylum application remains pending. *Id.* During the five years since his entry, Petitioner has accrued no criminal history. *Id.* at pg. 6.

---

[1]   For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

Petitioner was driving to work on March 12, 2026, when he was stopped by a police officer in Key Largo, Florida. *Id.* at pg. 5. Upon being asked by the officer about his immigration status, Petitioner disclosed his pending asylum application. *Id.* The officer arrested Petitioner then transferred him to the custody of U.S. Immigration and Customs Enforcement. *Id.* ICE detained Petitioner in Florida for approximately twenty-eight days—that is, until on or about April 9, 2026. *Id.* ICE then transferred Petitioner to a facility in Texas for one day, before moving him to the California City Immigration Processing Center, where Petitioner remains detained. *Id.*

While in Florida, Petitioner filed a habeas petition arguing that his detention violated both the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment because he is not subject to mandatory detention under 8 U.S.C. § 1225(b). *See Rojop-Oxlaj v. Mordant*, No. 2:26-cv-892-KCD-NPM, 2026 WL 1067065 (M.D. Fla. Apr. 20, 2026). The district court denied the petition on April 20, 2026. *Id.* The court concluded that Petitioner was "subject to mandatory detention under 8 U.S.C. § 1225." *Id.* The same conclusion could not be reached today, given a recent decision of the Eleventh Circuit. *See Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395, at *21 (11th Cir. May 6, 2026) ("Simply put, the language that Congress has chosen to use does not grant to the Executive unfettered authority to detain, without the possibility of bond, every unadmitted alien present in the country.").

Apparently unaware of the Florida district court's decision denying his earlier habeas petition, Petitioner now invokes this court's habeas jurisdiction, contending that his arrest and detention, without any pre-deprivation process, violate, among other things, his constitutional due process rights.  Dkt. No. 1, at pg. 8; *see also id.* at pg. 6 (referring to his "pending federal case" in Florida).  This court and many other district judges have granted relief in cases analogous to this one.  *See, e.g., Estuardo G.C. v. Warden California City Detention Facility*, No. 1:26-cv-02798-MWJS, 2026 WL 1166841 (E.D. Cal. Apr. 29, 2026); *Bilal A. v. Wofford*, No. 1:25-cv-01715, 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-cv-01845, 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025).  The court has again considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent.  To resolve this case, therefore, the court begins by determining whether there is any factual or legal basis to distinguish those prior decisions.

The court issued an order to show cause, calling on Respondents to identify "any factual or legal issues in this case that render it distinguishable from prior orders such as the ones listed above."  Dkt. No. 4.  The court appreciates Respondents' timely response.  Dkt. No. 6.  Although Respondents maintain that Petitioner's detention is lawful, they acknowledge that "[t]his case is not materially distinguishable from the cases cited in the [c]ourt's [o]rder."  *Id.* at pg. 2.

3

Respondents nevertheless argue, based on the earlier Florida habeas action, that res judicata principles should preclude Petitioner's claims here.  Dkt. No. 6, at pg. 1. The court finds this argument unpersuasive for two primary reasons.

First, Petitioner has not had a full and fair opportunity to litigate the claims raised in his earlier habeas action.  Specifically, the time for appealing from the Florida district court's April 20, 2026, decision has not yet expired.  *See* Fed. R. App. P. 4; *accord Innovad Inc. v. Microsoft Corp.*, 260 F.3d 1326, 1334 (Fed. Cir. 2001) ("A 'full and fair opportunity to litigate' a particular issue includes a party's ability to appeal.").  Today, were Petitioner to appeal the Florida court's decision, he would win.  *See Hernandez Alvarez*, 2026 WL 1243395.

Second, even if the requirements of issue preclusion were satisfied, "an exception may be warranted if there has been an intervening change in the applicable legal context."  *Herrera v. Wyoming*, 587 U.S. 329, 343 (2019) (citation modified).  "The change-in-law exception recognizes that applying issue preclusion in changed circumstances may not advance the equitable administration of the law."  *Id.* (citation modified). Here, giving preclusive effect to the Florida district court's decision, when the reasoning underlying that decision has now been rejected by the Eleventh Circuit, would not advance the equitable administration of justice.  The court also concludes, therefore, that the change-in-law exception applies.  *See Dow Chem. Co. v. Nova Chemicals Corp.*

4

*(Canada)*, 803 F.3d 620, 628–29 (Fed. Cir. 2015) ("[A] court is not bound by a previous decision where there is a change in the controlling precedent.").

Considering the foregoing and given the lack of any factual or legal issues in this case that would distinguish it from the prior orders that this court has found persuasive, IT IS HEREBY ORDERED that the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED as to Count Three, for the reasons stated in those prior orders. Because it is unnecessary to resolve the other counts in the petition, the court declines to do so.

Respondents are ORDERED to immediately release Petitioner Pedro R.O. (A# 220-107-995) from their custody.  Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing.  Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing.  At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present.  This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of

removal, or in the event exigent or urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

Given the foregoing, the TRO application, Dkt. No. 2, is DENIED AS MOOT. The Clerk of Court is DIRECTED to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

DATED:  May 8, 2026, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

---

Civil No. 1:26-cv-03266-MWJS; *Pedro R.O. v. Warden California City Correctional Center*, et al.; ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS